

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2010

# Coastal Outdoor Advertising Gr v. Township of East Hanover

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Coastal Outdoor Advertising Gr v. Township of East Hanover" (2010). *2010 Decisions.* Paper 435.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/435

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 09-3242
_____

COASTAL OUTDOOR ADVERTISING GROUP, LLC,
Appellant

v.

TOWNSHIP OF EAST HANOVER, NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
No. 2-07-cv-04330
District Judge: Honorable Katharine S. Hayden

Submitted Pursuant to
Third Circuit LAR 34.1(a)
September 20, 2010

Before: McKee, *Chief Judge*, Ambro and Chagares, *Circuit Judges*.

(Opinion Filed: October 14, 2010)

_____

OPINION
_____

MCKEE, *Chief Judge*

We are asked to review the district court's grant of summary judgment in favor of

Coastal Outdoor Advertising Group in its action against East Hanover Township. The court entered summary judgment and dismissed Coastal's complaint after determining that Coastal did not have standing. For the reasons that follow, we will affirm.

## I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion. Our review of a grant of summary judgment for lack of standing is *de novo*. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (standing); *Levy v. Sterling Holding Co., LLC*, 544 F.3d 493, 501 (3d Cir. 2008) (summary judgment).

## II.[1]

The "irreducible minimum" of standing under Article III of the Constitution is: (1) an injury-in-fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 137-38 (3d Cir. 2009). Although the

---

[1] As the district court noted, this is the latest in a "burgeoning" line of cases in which a billboard company seeks to challenge the constitutionality of a local sign ordinance. Several courts of appeals have affirmed the dismissal of cases similar to Coastal's based on the lack of redressability of the plaintiff's injury. *See, e.g., Maverick Media Grp., Inc. v. Hillsborough Cnty, Fla.*, 528 F.3d 817 (11th Cir. 2008); *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007); *Covenant Media of S.C., LLC v. City of North Charleston*, 493 F.3d 421 (4th Cir. 2007); *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343 (6th Cir. 2007).

injury-in-fact requirement is often determinative, all prongs of the test must be met to establish standing. *Id*. at 138. Here, the district court correctly determined that, although Coastal had suffered an injury that was traceable to the Township's application of its ordinance, the injury would not be redressable because Coastal could not demonstrate "a substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id*. at 143.

Our review is guided by *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge*, 9 F.3d 1290 (7th Cir. 1993). There, a billboard company challenged the village's general off-site advertising ban. However, the proposed billboard also violated the village's size and height restrictions so called secondary restrictions. The court dismissed the case for lack of standing because Harp Advertising could not establish that any relief would satisfy Article III's redressability requirement. The court explained: "An injunction against the portions of the . . . codes that [the plaintiff] has challenged would not let it erect the proposed sign; the village could block the sign simply by enforcing another, valid, ordinance already on the books." *Id*. at 1292. [2]

Here, Coastal does not dispute the district court's finding that it did not challenge the secondary restrictions. Thus, the district court correctly concluded that even if the Township's superseded prohibition on billboards were unconstitutional, Coastal would

---

[2] *See also Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886 (9th Cir. 2007) (finding that the billboard company had standing because it explicitly challenged the secondary size and height regulations).

not be "substantially likely" to erect the billboard because the unchallenged setback, use, and height restrictions would still prevent Coastal from erecting its billboards. *See Harp Adver. Ill.*, 9 F.3d at 1292; *Toll Bros., Inc.*, 555 F.3d at 143.

Although the district court realized that we have not yet addressed this precise issue in the context presented here, *Toll Brothers* supports the result. There, we concluded that Toll Brothers could establish standing because "[a] favorable decision, [was] substantially likely to result in construction of Toll Brothers' planned developments." *Toll Bros., Inc.*, 555 F.3d at 143. Given the size and height zoning restrictions that would continue to prevent Coastal from erecting its billboards, that is not the case here. *See The Pitt News v. Fisher*, 215 F.3d 354, 361 (3d Cir. 2000) (finding a student-run newspaper's injuries could be redressed because it would "see a dramatic increase in its advertising revenues if [the challenged ordinance] is struck down as unconstitutional.").

Moreover, in *Toll Brothers*, when the development company entered into the option contract and spent money to prepare the land for development, existing zoning regulations permitted the office park that Toll Brothers sought to build. Here, Coastal either knew or should have known that the Township did not permit billboards when Coastal entered into the underlying lease. Furthermore, even if Coastal were unaware of the zoning restrictions then, it was undisputedly aware of them when the engineering firm that it hired provided it with the draft site plan, which was before it applied to the

4

Township for a permit (without requesting a variance). Accordingly, *Toll Brothers*, as well as substantial case law from other courts of appeals, supports the district court's conclusion that Coastal did not meet the redressability requirement for Article III standing.

Coastal nevertheless asserts that its injury—its inability to "exercise its free speech rights by disseminating commercial and noncommercial messages"—is redressable through "equitable relief, damages, and attorneys' fees." In doing so, Coastal does not specifically address the district court's conclusion that its injury was not redressable because secondary zoning restrictions would prohibit construction of its billboard. Rather, Coastal appears to contend that it brings only a facial (rather than an as-applied) challenge to the ordinance, and thus that its injury is redressable through nominal damages. The argument misses the point.

Nominal damages will not alleviate the harm caused by the denial of the application—the prohibition of the billboard. *See Toll Bros., Inc.*, 555 F.3d at 143 (injury redressable because developer would be able to move forward with its development).

Furthermore, as the district court correctly determined, it is by no means certain that Coastal is even eligible for nominal damages because it was aware that its billboard violated several provisions of the Township's Land Use and Zoning Code when it filed its

application.[3]

## III.

Accordingly, we will affirm the district court's order dismissing Coastal's complaint because Coastal can not satisfy Article III's standing requirement.[4]

---

[3] Coastal's reliance on *Advantage Media, L.L.C. v. City of Eden Prairie* is not helpful, as the court there concluded that plaintiff could not establish redressability because its billboards would still violate unchallenged provisions of the sign code like the restrictions on size, height, location, and setback. 456 F.3d 793, 802 (8th Cir. 2006) (citing *Harp Adver. Ill.*, 9 F.3d at 1292).

Coastal's reliance on *Riel v. City of Bradford*, 485 F.3d 736 (3d Cir. 2007), and *Conchatta Inc. v. Miller*, 458 F.3d 258 (3d Cir. 2006), is also not convincing because neither case addressed the redressability prong of Article III's standing requirement.

[4] Since we concluded that Coastal does not have standing under Article III, we need not address the Township's claim that Coastal also lacks prudential standing.